### GUENTHER *v.* LOCKHART.

*(Supreme Court, General Term, Fifth Department.* October 23, 1891.)

MASTER AND SERVANT—INJURIES TO SERVANT—DISOBEDIENCE OF RULES.
　　Where an employe in a factory, in violation of the rules of his master, attempts to use the freight elevator for his own convenience in going from one floor of the factory to another, and falls down the elevator shaft, the master is not liable, though the elevator shaft was not provided with automatic doors, as required by law.

Motion for new trial on exceptions.

Action by Mary A. Guenther, as administratrix of Samuel Guenther, de-
ceased, against James Lockhart. A nonsuit was entered, and plaintiff's ex-
ceptions were ordered to be heard at the general term in the first instance.
New trial denied.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*James A. O'Grady*, for appellant. *Raines Bros.*, for respondent.

LEWIS, J. The defendant was the lessee and occupant of a four-story
building in the city of Rochester, which he used for manufacturing picture-
frames. He used in his factory an elevator for the purpose of moving freight
from floor to floor. The openings into the elevator shaft from the different
floors were protected by doors which opened into the rooms, and were fast-
ened, when closed, by a door-latch. The employes of the factory were required
to see that the doors were kept closed. These openings into the elevator shaft
were not furnished with the trap or automatic doors required by the acts of
1886 and 1887. The well-hole or shaft was practically dark when the doors
were closed. The rules of the factory prohibited the employes from using the
elevator except when they were engaged in moving freight. A sign was at-
tached to the cross-beam where the cable was attached, so that it could be
seen as a person stepped upon the elevator, reading: "For freight only.
LOCKHART & POWELL." The deceased had been employed in this factory
for two years at the time of his death, and had been for some time foreman
of the hands working upon the third floor of the factory. He was familiar
with the elevator, and with the rules of the factory governing its use. On
the morning of December 17, 1888, he used the elevator for the purpose of
elevating himself to the third floor; there not being at the time any freight
on the elevator. He opened the door leading to the third floor, passed along
near the witness August Kramer, Jr., having a newspaper in his hand, and
read from the paper that the first train was going to stop at the Central Park
station 20 minutes past 7, and remarked that he was going up stairs to get
some mouldings, and then was going out to see that train, and started to-
wards the elevator, as Kramer testified, on a slow trot, and in a few seconds
the alarm was given that he had fallen down the elevator shaft. It appears
from the evidence that the moulding was of such a length that it could not
be transported upon the elevator; that it weighed only a few pounds, and
could easily have been carried in the hand. He was found at the bottom of
the elevator shaft, having received injuries from which he soon died. The
evidence tends to show that he probably failed to close the elevator door as
he came from below to the third floor. The case contains no evidence tend-
ing to show that any other person interfered with the elevator after the de-
ceased left it at the third floor. He probably failed to stop the elevator on leav-
ing it at the third floor, and it passed on up to the fourth floor, where it was
found after the accident. In his hurry, when returning, without proper ex-
amination he stepped off into space, and fell down the shaft. The evidence
shows that he had been known, before the accident, to neglect to stop the ele-
vator when leaving it.

The trial court, at the close of plaintiff's evidence, held that she had failed
to make a case, and directed that the plaintiff be nonsuited. We think he
decided correctly. While the defendant was negligent in not providing the
safeguards required by statute, he had not assumed to furnish an elevator to
be used by the employes, except as they were engaged in transferring freight;
and, when the deceased used it for his own convenience, he assumed the risks
attending its use. He was an intelligent man; was acting as foreman of the
hands employed upon the third floor of the factory, and had been using the
elevator for two years; knew all about its construction and appliances; he
was aware that the automatic trap or door required by the statute had not
been provided; he fully comprehended the situation, and chose to use it for

his own convenience; and, under the circumstances, it must be held that the defendant did not owe the deceased the duty to furnish the appliances required by the statute. The plaintiff, therefore, failed to show the deceased free from negligence contributing to his death. If he did not, in fact, fail to stop the elevator as he left at the third floor, the evidence shows that he approached the shaft in a hurried, and apparently thoughtless, way, and must have stepped into the shaft without stopping to ascertain if the elevator was in fact at the third floor, where he supposed he had left it. The authorities referred to by the appellant have been examined, and, we think, fail to justify a recovery in a case like this. The motion for a new trial denied, with costs, and judgment ordered for the defendant on the nonsuit. All concur.